110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Serge PRONIN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70250.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Amh-xpv-qzh.
 B.I.A.
 REVIEW DENIED.
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Serge Pronin, a native of Latvia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a), 1253(h), & 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Pronin contends that the BIA's conclusion that he failed to establish past persecution or a well-founded fear of future persecution is not supported by substantial evidence. This contention lacks merit.
 
 
 4
 Where, as here, the BIA affirmed the IJ's decision "for the reasons set forth therein," we review the IJ's decision. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). To obtain a reversal, the petitioner must show that his or her evidence " 'was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.' " Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (quoting Elias-Zacarias, 502 U.S. 478, 481 (1992)). Factual findings, including whether the alien has proven past persecution or a well-founded fear of future persecution, are reviewed for substantial evidence. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). A well-founded fear of persecution may be established by the petitioner's own testimony if it is credible, persuasive, and refers to specific facts that give rise to an inference that he has good reason to fear he will be singled out for persecution on account of one of the enumerated grounds. Blanco-Comarribas v. INS, 830 F.2d 1039, 1042-43 (9th Cir.1987).
 
 
 5
 Pronin, a twenty-five-year-old native of Latvia, testified that he experienced difficulties in Latvia because of his Russian and Jewish ancestry. Pronin testified that on two occasions he was harassed by Latvian youth. In October 1991, a group of intoxicated youth physically assaulted Pronin after hearing him speak Russian. Pronin broke his finger during this incident. Pronin went to the hospital for treatment, but was turned away ostensibly because of a shortage of doctors. Pronin speculated that it was actually because of his Russian and Jewish ancestry. Prior to leaving Latvia in December 1991, Pronin was once again harassed by youths because he was overheard speaking Russian. Although the youths did not physically injure Pronin, they called him "Russian pig" and "Jewish face." Pronin testified that a Latvian security guard stood by and did nothing. He additionally testified that, although he passed the entrance examination to attend the university in Riga, he was not admitted because he lacked Latvian citizenship. Although his parents are both non-citizens and have resided in Latvia without incident, Pronin fears returning to Latvia because of the hostility suffered by Jews and Russians in general. Pronin also fears for his life because paramilitary groups murdered two of his friends, allegedly because of their Russian and Jewish ancestry. Pronin additionally testified that his brother, Valery, had his throat cut. He mentioned no details, however, as to who the perpetrators were or why his brother was targeted.
 
 
 6
 Here, the IJ's finding that Pronin failed to establish past persecution is supported by substantial evidence. See Acewicz, 984 F.2d at 1061.[1] The two instances of violence Pronin suffered in 1991, coupled with discrimination he suffered from the state university, does not compel a finding that he was subjected to persecution. See Shirazi-Parsa, 14 F.3d at 1427.
 
 
 7
 Substantial evidence also supports the IJ's determination that Pronin failed to establish a well-founded fear of future persecution. See Acewicz, 984 F.2d at 1061. First, Pronin failed to demonstrate that his brother and his two murdered friends were either specifically targeted on account of one of the five protected grounds or that they were targeted for persecution by a group which the current government is unable or unwilling to control. See Blanco-Comarribas, 830 F.2d at 1042-43. Second, Pronin failed to demonstrate that he would be specifically targeted for persecution and that any such persecution would be on account of one of the five protected grounds. See Elias-Zacarias, 502 U.S. at 481; see also Blanco-Comarribas, 830 F.2d at 1042-43. Additionally, we note that Pronin's parents have lived in Latvia since 1991 without incident. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1984).[2] Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we similarly affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the IJ repeatedly questioned Pronin's credibility, it is unclear from the record whether the IJ actually made an adverse credibility determination. Thus, we consider Pronin's testimony credible. See Artiga Turcios v. INS, 829 F.2d 720, 723 (9th Cir.1987)
 
 
 [2]
 Pronin testified that, prior to leaving Latvia in 1991, his parents' apartment door was spray-painted with anti-semitic messages on two occasions